UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED SPECIALTY INSURANCE COMPANY

    Plaintiff,

  -against-

JD COMMERCIAL BUILDERS INC., 3781 BROADWAY, LLC, FRIEDLAND PROPERTIES, INC., LARSTRAND CORPORATION, BOSTON MARKET CORPORATION and RALPH SPERO

    Defendants.

---

No. 18-cv-6735 (CM)

### DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT RALPH SPERO'S CROSS-MOTION FOR SUMMARY JUDGMENT

McMahon, C.J.:

This case concerns an insurance policy issued by Plaintiff United Specialty Insurance Company ("USIC") to Defendant JD Commercial Builders Inc. ("JD Commercial"). USIC seeks a declaration that it has no obligation under the policy to defend or indemnify any of the parties to a personal injury lawsuit pending in New York State Supreme Court, Bronx County, under Index Number 36235/2017E, captioned *Ralph Spero v. 3781 Broadway, LLC, JD Commercial Builders Inc., Friedland Properties, Inc. and Larstrand Corporation* (the "Underlying Action"). (Dkt. No. 1, Compl. ¶ 10.)

This Court entered a default judgment against JD Commercial on December 3, 2019. (Dkt. No. 54.)

USIC now moves for summary judgment as to the remaining Defendants on the grounds that the subject matter of the Underlying Action falls within the policy's exclusion for injuries to independent contractors. (Dkt. No. 55.) Defendant Ralph Spero, the plaintiff in the Underlying

1

Action, has cross-moved for summary judgment, arguing that USIC is estopped from relying on the independent contractor exclusion due to its failure to issue a timely disclaimer of coverage when it first became aware of a potential claim, as required by New York Insurance Law § 3420. (Dkt. No. 58.)

The Court concludes that the policy does not cover the injury Spero incurred while employed by an independent contractor of JD Commercial. Thus, USIC's motion for summary judgment is granted, and Spero's motion for summary judgment is denied.

## BACKGROUND

### A. The Relevant Policy Provisions

USIC issued a Commercial Lines Policy to JD Commercial (the "Named Insured") covering the period May 26, 2015 through May 26, 2016. (*See* Dkt. No. 57, USIC Rule 56.1 Statement ("USIC 56.1") ¶ 9; Dkt. No. 55-17, Thompson Aff. Ex. C (the "USIC Policy").) The parties agree that the policy is a valid contract and is enforceable in accordance with its terms.

An endorsement to the USIC Policy, entitled "Exclusion – Bodily Injury to Independent Contractors" provides as follows:

> This insurance does not apply to:
> Independent Contractors
> "Bodily injury" to:
> 1. Any independent contractor or the "employee" of any independent contractor while such independent contractor or their "employee" is working directly or indirectly on behalf of any insured; or
> 2. The spouse, child, parent, brother or sister of such independent contractor or "employee" of the independent contractor as a consequence of (1) above.
> This exclusion applies:
> 1. Whether the insured may be liable as an employer or in any other capacity; and
> 2. To any obligation to share damages with or repay someone else who must pay damages because of "bodily injury."

(USIC Policy, at -0105.) The endorsement defines "independent contractor" as "any individual, natural person, or entity, including but not limited to a general contractor, a prime contractor, or a

subcontractor performing any work, task, supervision, or other activity" either directly or indirectly on behalf of the Named Insured.  (*Id.*)

B.   **The Underlying Action**

Ralph Spero was injured while working construction at 3781 Broadway in Manhattan as an employee of American Flooring Concepts on November 14, 2015.  (Dkt. No. 62, Spero Rule 56.1 Statement ("Spero 56.1") ¶ 6.)  Specifically, Spero was struck by "an improperly placed temporary heavy barrier." (*Id.* ¶ 7.)

American Flooring had been retained as a flooring subcontractor by JD Commercial, the general contractor retained by Boston Market to undertake a renovation of the premises.  (*See* USIC 56.1 ¶¶ 4, 5.)  Boston Market was in turn leasing the space from the building's owners, one or some combination of Defendants 3781 Broadway, LLC, Friedland Properties, and/or Larstrand Corporation (the "Owners").  (*See* USIC 56.1 ¶¶ 2, 3.)  The parties do not dispute that American Flooring was an independent contractor of JD Commercial, and that Spero was working as an employee of American Flooring when he was hurt.

Spero filed the Underlying Action on or about December 21, 2017, naming JD Commercial and the Owners as defendants, alleging that each had failed to exercise reasonable care to ensure a safe construction site, which caused him to be struck by the falling object on the date in question.  (*See* Dkt. No. 55-1 Ehman Decl. Ex. A, Underlying Action Summons & Complaint.)

The Owners subsequently filed a separate action against Boston Market (the "Third Party Action") to recover any losses incurred in the Underlying Action.  (Ehman Decl. Ex. C.)

C.   **USIC Responds to JD Commercial's Claim**

USIC received a Notice of Claim from JD Commercial relating to the Underlying Action, attaching the complaint, on March 21, 2018.  (Spero 56.1 ¶ 13.)

3

Hal Thompson, the claims handler assigned to the case, read the complaint and recognized that Spero might have been working for a subcontractor of JD Commercial, which would exclude the Underlying Action from the USIC Policy. (Ehman Decl. Ex. G, Thompson Tr. at 28:3-29:10.) Thompson followed up with JD Commercial on March 29, 2018, to verify whether Spero was an employee of one of the company's subcontractors. (*Id.* at 29:25-30:17; *see also* Dkt. No. 55-11, Thompson Aff. Ex. B.) Thompson did not receive a response until April 10, 2018, when Jeff Scolman, the President of JD Commercial, informed Thompson that Spero worked for a subcontractor of the company. (*Id.*) On April 17, 2018, Thompson's supervisor, Elizabeth Norton, approved his decision to decline coverage. (Spero 56.1 ¶ 18.)

By a letter dated May 1, 2018, USIC disclaimed any intent to defend and indemnify JD Commercial in the Underlying Action. Thompson informed Mr. Scolman of USIC's coverage position, explaining that "there is no coverage available under the Policy since the plaintiff [in the Underlying Action] was an employee of JD's subcontractor and [was] allegedly injured when work[ing] in this capacity." (Thompson Aff. Ex. E, at 5.) Thompson's letter reproduced the relevant provisions and exclusions from the USIC policy in full and stated that the USIC Policy provided "no coverage for claims involving injuries to subcontractors of their employees." (*Id.* at 1.)

Thompson sent Scolman a second letter on May 16, 2018, informing him that USIC intended to file the action before this Court to obtain a declaratory judgment in support of disclaimer of coverage. (Thompson Aff. Ex. F.) Although Thompson reiterated that the Policy did not cover Spero's claims, the May 16 letter offered JD Commercial a courtesy defense in the Underlying Action. pending judicial confirmation of the propriety of USIC's declination of coverage. (*Id.*)

4

D.     **The Pending Motions**

USIC moves for summary judgment as to Spero on the grounds that his status as an employee of JD Commercial's independent contractor excludes him from coverage; as to Owners on the grounds that they are not covered under the USIC policy as either named or additional insured; and as to Boston Market on the grounds that any coverage available to the lessee would be excess, rather than primary, coverage. (Dkt. No. 56, USIC SJ Br.)

Spero does not dispute the determination of USIC's claims handler that he was working as an employee of JD Commercial's independent contractor. Rather, he argues in support of his cross-motion that USIC's denial of coverage failed to comply with New York Insurance Law § 3420, which requires insurers to provide written notice of a disclaimer of coverage "as soon as is reasonably possible." (*See* Dkt. No. 60, Spero SJ Br.)  Spero also argues that USIC's letter promising JD Commercial a courtesy defense pending the resolution of this action is an independent bar to its disclaimer of coverage.

The Owners and Boston Market filed a separate brief opposing USIC's motion based on the timeliness of the insurer's disclaimer. (Dkt. No. 66.)  The non-moving Defendants do not dispute USIC's arguments as to them.

## LEGAL STANDARD

Summary judgment is proper where the record establishes that "there is no genuine *273 dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York*, 822 F.3d 620, 631 n.12 (2d Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Victory v. Pataki*, 814 F.3d 47, 58–59 (2d Cir. 2016). Courts must construe the evidence and draw all reasonable inferences in the non-moving party's favor. *See Wright v. New York State Dep't of Corr.*, 831 F.3d 64, 71–72 (2d Cir. 2016). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pippins v. KPMG, LLP*, 759 F.3d 235, 252 (2d Cir. 2014) (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505).

## DISCUSSION

USIC has no coverage obligation to any of the Defendants because USIC's disclaimer of coverage was timely as a matter of law and supported by the plain language of the independent contractor exclusion in the Commercial Lines policy.

**II.     USIC'S Disclaimer of Coverage Was Timely.**

Under New York Law, for "bodily injury claims arising out of a New York accident and brought under a New York liability policy," New York Insurance Law § 3420(d)(2) requires the insurer to make a "timely" disclaimer of coverage. *KeySpan Gas E. Corp. v. Munich Reinsurance Am., Inc.*, 23 N.Y.3d 583, 590, 992 N.Y.S.2d 185, 15 N.E.3d 1194 (N.Y. 2014). If the insurer fails to do so, "it is precluded from later successfully disclaiming coverage." *NGM Ins. Co. v. Blakely Pumping, Inc.*, 593 F.3d 150, 153 (2d Cir. 2010) (citing *Hartford Ins. Co. v. Cty. of Nassau*, 46 N.Y.2d 1028, 416 N.Y.S.2d 539, 389 N.E.2d 1061 (1979)); *accord Webster ex rel. Webster v. Mount Vernon Fire Ins. Co.*, 368 F.3d 209, 215 (2d Cir. 2004) ("Once the insurer became obligated to disclaim within a reasonable time, its failure to do so estopped it from later denying coverage, even though the insurer would have otherwise been entitled to deny coverage based on the insured's failure

to give timely notice."). Section 3420 is an "absolute rule" that insurers forfeit their ability to disclaim coverage if they fail to do so in a timely fashion. *KeySpan*, 23 N.Y.3d at 590.

Timeliness is not determined based on the time between the day an insurer received a notice of claim and the day the insurer issues its disclaimer. Rather, the disclaimer obligation arises once "the insurer has sufficient knowledge of facts entitling it to disclaim, or knows that it will disclaim coverage." *Country-Wide v. Preferred Trucking Servs. Corp.*, 22 N.Y.3d 571, 983 N.Y.S.2d 460, 6 N.E.3d 578, 581 (2014). New York law recognizes that some delays are excusable. For example, the insurer's "need to conduct . . . investigations in a thorough manner" -- in order to ascertain factual grounds for a potential disclaimer of coverage -- "constitutes sufficient reason for delayed notification." *First Fin. Ins. Co. v. Jetco Contr. Corp.*, 1 N.Y.3d 64, 68-69, 769 N.Y.S.2d 459, 801 N.E.2d 835 (2003). However, the insurer must notify a policyholder in writing of a disclaimer "as soon as is reasonably possible."

§ 3420(d)(2); *Country-Wide*, 983 N.Y.S.2d 460, 6 N.E.3d at 581 (2014).

The cross-motions for summary judgment present two questions: (i) on what day USIC can be deemed to have learned that Spero was an independent contractor, thus providing the grounds for the disclaimer it sent to JD Commercial on May 1, 2018; and (ii) whether any USIC's delay between the day it learned Spero was an independent contractor and the day it provided the disclaimer was untimely under the circumstances.

As an initial matter, USIC was not in a position to evaluate JD Commercial's coverage claim when it first received a copy of the complaint in the Underlying Action. A complaint alone may not provide enough information for an insurer to reach its coverage decision. For example, in *General Insurance Company of America v. City of New York*, No. 04-cv-8946 (JCF), 2005 WL 3535113 (S.D.N.Y. Dec. 23, 2005), the court found that the insurer did not have a duty to disclaimed coverage until it received further information, not contained in the complaint, necessary to determine whether

the claimant was an "additional insured." *Id.* at *5. So too here: the complaint in the Underlying Action did not make clear whether Spero was an employee of an independent contractor. Indeed, the only contractor identified in Spero's state court complaint was JD Commercial. (Dkt. 55, Ehman Decl. Ex. B.)

Therefore, an excusable delay occurred between March 21 and April 10, during which USIC did not possess information sufficient to disclaim coverage based on the independent contractor exclusion. Because Spero alleged that he was "at the subject premises as an employee of the flooring contractor," without mentioning his employer, American Flooring, by name, Thompson suspected, but could not be certain, that Spero was working as an independent contractor subject to the policy exclusion. (*Id.* ¶ 15; Ehman Decl. Ex. G, Thompson Tr. at 28:3-29:10.) It was not until April 10, when Scolman clarified that Spero was working as an employee of American Flooring, JD Commercial's subcontractor, that Thompson could reach the disclaimer decision set forth in detail in his May 1 letter.

The question remains whether a disclaimer issued 21 days after Scolman spoke with Thompson was excessive, *i.e.*, whether it was made "as soon as reasonable possible." New York It is well settled that insurers do not have to stop everything to send out a disclaimer on the very day that they learn of grounds for doing so – or on the day after, or the day after that. Courts have frequently held that delays of one month or more were reasonable as a matter of law where an insurer had performed an investigation similar to that undertaken by Thompson in this case. *See, e.g.*, *Travelers Indemnity Co. v. Northrop Grumman Corp.*, 413 F. Supp. 3d 263, 282 (S.D.N.Y. 2019) (42-day delay was timely as a matter of law); *Mount Vernon Fire Ins. Co. v. Harris*, 193 F. Supp. 2d 674, 678 (E.D.N.Y. 2002) (50-day delay to disclaim coverage was "reasonable as a matter of law" on summary judgment, as the insurer was "conducting [a] thorough investigation[ ]"); *Farmbrew Realty Corp. v. Tower Ins. Co. of New York*, 289 A.D.2d 284, 285, 734 N.Y.S.2d 592 (2d Dep't 2001)

8

(affirming summary judgment holding that 58-day delay for a disclaimer was "reasonable as a matter of law"); *Brooklyn Hosp. Ctr. v. Centennial Ins. Co.*, 258 A.D.2d 491, 492, 685 N.Y.S.2d 267 (2d Dep't 1999) (same regarding forty-three-day delay). Based on these precedents, the Court concludes that USIC provided a timely disclaimer letter, when it delivered its coverage decision to JD Commercial on May 1, 2019.

In light of the conclusion that USIC made a timely disclaimer of coverage based on a policy exclusion that no party disputes is applicable to the facts of the Underlying Action, this Court need not decide whether the Owners or Boston Market can rely on the JD Commercial's policy for coverage. USIC has no duty to defend or indemnify any party to the Underlying Action under the policy, regardless of those parties' relationships to one another.

**III.     USIC's Offer of a Courtesy Defense Does Not Preclude its Disclaimer of Coverage.**

Separately, Spero seeks summary judgment on the grounds that Thompson's May 16, 2018 letter to JD Commercial promising the Insured a courtesy defense in the underlying action precludes USIC from disclaiming coverage under the doctrine of equitable estoppel. (*See* Dkt. No. 60, Spero SJ Br. at 8-9.) In support of the argument that USIC should be equitably estopped, Spero claims that USIC failed to make a reservation of rights in the May 16 letter, and thus waived its earlier disclaimer.

First, Spero's contention that USIC failed to reserve its rights and waived its prior disclaimer is incorrect. The May 16 letter reproduced USIC's coverage determination, as well as all of the arguments regarding the independent contractor exclusion that appeared in the May 1 letter. (*See* Thompson Aff. Ex. F.) USIC also clearly and unmistakably reserved its right to "disclaim coverage for any and all valid reasons under the terms of the policy whether cited in this letter or not." (*Id.* at 5.)

9

Second, an insurer does not waive its right to a declaratory judgment that it has no duty to defend or indemnify by extending a courtesy defense to its insured.  For example, in *Atlantic Casualty Insurance Company v. Value Waterproofing, Inc.*, 918 F. Supp. 2d 243 (S.D.N.Y. 2013), my colleague, Judge Cote, granted insurer's motion for a declaratory judgment based on the insurer's proper reservation of its "right to challenge the existence of its duty to defend," even though the insurer was defending the insured in the underlying action.  *Id.* at 261; *see also Western Heritage Ins. Co. v. Jacobs Development Corp.*, No. 12-cv-5718, 2014 WL 297792, at *8-9 (E.D.N.Y. Jan. 27, 2014); *Mount Vernon Fire Ins. Co. v. Munoz Trucking Corp.*, 213 F. Supp. 3d 594, 602 (S.D.N.Y. Sept. 30, 2016).  Furthermore, USIC's decision to both disclaim coverage and provide a courtesy defense is in line with the observation of the New York Court of Appeals that an insurer is "well advised" to provide a defense in an underlying action in every instance where its coverage obligations are "may be arguable," so that it may preserve its ability to litigate the validity of its disclaimer as well as outcome of the underlying suit.  *Lang v. Hanover Ins. Co.*, 3 N.Y.3d 350, 356, 820 N.E.2d 855, 858-59 (2004).

Finally, the only case cited by Spero in which a New York court voided a disclaimer on the basis of estoppel, *Nassau County v. Royal Globe Insurance Company*, 42 A.D.2d 755, 346 N.Y.S.2d 311 (1973), is clearly inapposite. In *Nassau County*, the Court of Appeals found that the insurer "misled the [insured] into believing it was fully protected," up to the point that the insured's co-defendant was dismissed from the case, "and gave no warning as to the insurer's adopting of an inconsistent position, as to which the [insured] did not receive notice for about five years."  *Id.* at 316.  Not so here:  USIC informed JD Commercial twice, once prior to its promised to provide a courtesy defense, and once concurrently with promising such a defense, that its policy provided "no coverage for claims involving injuries to subcontractors or their employees."  Those statements

undercut any argument that JD Commercial was misled or prejudiced by the promise of a courtesy defense in the May 16 letter.

## CONCLUSION

Plaintiff's motion for summary judgment that it does not have a duty to defend or indemnify the Underlying Action is GRANTED.

Defendant Spero's motion for summary judgment is DENIED.

The clerk of the court is hereby ordered to close the motions and Docket Numbers 55 and 58, and to close the file for this matter as all a declaratory judgment has been entered against all Defendants.

This shall constitute the written opinion of the court.

Dated: August 20, 2020

_____
Chief Judge

BY ECF TO ALL PARTIES